MILLER GRAIN AND ELEVATOR COMPANY, Appellant, v. UNION PACIFIC RAILWAY COMPANY, Respondent.

### St. Louis Court of Appeals, March 2, 1895.

Jurisdiction, Appellate: TRANSFER OF CAUSES. It is the practice of this court, when there is the least question of its jurisdiction of an appeal, to transfer the cause to the supreme court.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

TRANSFERRED TO SUPREME COURT.

*Clopton & Trembley* for appellant.

*Lee & McKeighan* and *Montague Lyon* for respondent.

BIGGS, J.—This cause was submitted to us without any suggestion by either party of the lack of jurisdiction on our part to hear and decide the case. An opinion was handed down, in which we construed and applied a statute of Nebraska to the contract in suit. It is an action on a contract of affreightment made in the state of Nebraska for the shipment of goods from that state to East St. Louis, in the state of Illinois. The defendant owns and operates a road in that state, and the owner of the goods, which were lost, lived there. The defendant now suggests that the record raises a constitutional question, in that the statute in question, as applied to the contract in suit, is a *regulation* of interstate commerce, and, therefore, within the inhibition of section 8, article 1, of the constitution of the United States.

We have adopted the rule of transferring all cases, where there is the least question of our right to decide the case before us. Acting on that rule, we will order this cause to be transferred to the supreme court for final determination. In this connection, however, we wish to call attention to the usual advantages which are afforded to litigants under our peculiar judicial system.

The opinion heretofore filed will be withdrawn, and the judgment of this court reversing that of the circuit

court will be vacated, and the cause transferred to the supreme court for final determination.    All the judges concur.